WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Donald Love,                                )    CIV 15-0924-PHX-ROS (MHB)
                                            )
            Petitioner,                     )    **REPORT AND RECOMMENDATION**
                                            )
vs.                                         )
                                            )
Warden Escapule, et al.,                    )
                                            )
            Respondents.                    )
                                            )
_____)

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT COURT:

Petitioner Donald Love, who is confined in the Arizona State Prison Complex, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and a Supplement and Memorandum in support thereof (Docs. 2, 3). Respondents filed an Answer and Petitioner filed a Reply (Docs. 11, 12).

## BACKGROUND[1]

Petitioner's habeas petition references two Maricopa County Superior Court cause numbers: CR2008-007760-009 and 2008-009328-004.

Cause No. CR2008-007760-009

On September 8, 2008, the Maricopa County Grand Jury issued a multi-defendant, multi-count indictment, which charged Petitioner with 15 crimes: Count 1, conspiracy, a

_____

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 11 – Respondents' Answer.

class 2 felony; Count 2, illegally conducting an enterprise, a class 3 felony; Counts 38, 49, 308, 319, 325 and 386, use of a wire in a Chapter 23 offense, class 4 felonies; Counts 39 and 50, attempted fraudulent schemes and artifices, class 3 felonies; Count 232, offer to sell or transfer cocaine, a narcotic drug, a class 2 felony; Counts 233 and 368, use of a wire in a drug related transaction, class 4 felonies; Count 366, solicitation of an offer to sell or transfer a narcotic drug, a class 4 felony; and Count 395, offer to sell or transfer marijuana, a class 4 felony. (Exh. A at 1-3.) On October 3, 2008, the State filed an allegation of historical priors—that Petitioner had three prior non-dangerous felony convictions, specifically, a 2003 class 6 felony conviction for possession of marijuana; a 2003 class 4 felony conviction for forgery; and a 1997 class 3 felony conviction for assisting a criminal syndicate. (Exh. B at 1-2.) On October 22, 2008, the State moved to amend the indictment to allege that the crimes in all counts were committed with the intent to promote, further, or assist any criminal conduct by a criminal street gang. (Exh. C at 1-3.) On April 16, 2009, the State filed an allegation of aggravating circumstances. (Exh. D.)

On September 1, 2009, Petitioner entered a plea agreement in which he pled guilty to amended Count 232, offer to sell cocaine, a narcotic drug, a class 2 felony with one prior felony conviction. (Exh. E at 1.) The plea agreement stipulated to a term of 15.75 years of imprisonment, with entry of the plea contingent upon entry of a guilty plea in cause number CR2008-009328-004. (Id. at 1.) The State agreed to dismiss all other counts in this cause number. (Id. at 2.) The trial court advised Petitioner in open court of "all pertinent constitutional rights and rights of review." (Exh. F at 1; Exh. KKK at 7.) The factual basis for the plea was sealed pursuant to a previous court ruling. (Exh. G at 2; Exh. KKK at 9-10.) The presentence report summarized the factual basis for this cause number as follows:

> On or about June 18, 2008, the defendant and Dennis Watson (005) knowingly offered to sell crack cocaine.

(Exh. K at 2.)

On September 29, 2009, the trial court sentenced Petitioner, in accordance with the plea agreement, to an aggravated term of 15.75 years of imprisonment. (Exh. I at 2; Exh.

1   LLL at 5-6.) That same day, Petitioner received and signed a notice of rights of review. (Exh.

2   J.)

3        Cause No. CR2008-009328-004

4        On December 16, 2008, the Maricopa County Grand Jury issued another

5   multi-defendant, multi-count indictment, which charged Petitioner with eight more crimes:

6   Count 1, conspiracy, a class 2 felony; Count 2, illegally conducting an enterprise, a class 3

7   felony; Count 3, assisting a criminal street gang; Counts 4 and 5, using a building for the

8   sale, manufacture or distribution of dangerous drugs, class 4 felonies; Count 79, offer to sell

9   or transfer marijuana, a class 4 felony; Count 81, use of a wire in a drug related transaction;

10  and Count 318, misconduct involving weapons, a class 4 felony. (Exh. L at 1-4.) On January

11  14, 2009, the State filed an allegation regarding Petitioner's repetitive offender status. (Exh.

12  M.) On March 17, 2009, the State filed an allegation that Petitioner is a serious drug offender

13  under A.R.S. § 13-3410 and a request for an aggravation hearing. (Exh. N.)

14       On September 1, 2009, Petitioner entered a plea agreement, pleading guilty to

15  amended Count 2, illegal control of an enterprise, a class 3 felony, in exchange for the State

16  dismissing all other counts and sentencing allegations in this cause number. (Exhs. O and P.)

17  Additionally, the State agreed to "file no charges as to this defendant regarding the shootings

18  at 7th Avenue and Broadway" as reflected in Phoenix Police DR 2008-80393181 and "shall

19  not file any further charges arising out of the computer seized in this investigation as to this

20  defendant." (Exh. O at 1; Exh. P at 2.) The trial court advised Petitioner in open court of "all

21  pertinent constitutional rights and rights of review." (Exh. P at 1; Exh. KKK at 7.) The

22  factual basis for the plea was sealed pursuant to a previous court ruling. (Exh. P; Exh. Q at

23  1-2; Exh. KKK at 9-10.) According to the presentence report, the facts underlying this

24  conviction are as follows:

25       Between May 20, 2008, and September 9, 2008, the defendant was employed
         by or associated with an enterprise, and knowingly conducted such enterprise's
26       affairs through racketeering or did knowingly participate directly or indirectly
         in the conduct of the enterprise which he knew was being conducted through
27       racketeering. The racketeering included: conspiracy, assisting a criminal street
         gang, using a building for the sale, manufacture or distribution of dangerous

28

drugs, use of a wire in a drug related transaction, offer to sell or transfer marijuana, and misconduct involving weapons.

(Exh. K at 1.)

On September 29, 2009, the trial court, in accordance with the plea agreement, placed Petitioner on intensive probation for 3 years upon absolute discharge from the sentence imposed in CR2008-007760. (Exh. O at 1; Exh. R at 2; Exh. LLL at 7-8.)

Both Case Numbers

On November 4, 2009, Petitioner filed a timely notice of post-conviction relief (PCR) in both cause numbers. (Exh. S.) On December 16, 2009, the trial court appointed one PCR counsel for both cause numbers. (Exh. T.)

On October 27, 2010, PCR counsel filed a motion for an extension of time. (Exh. U.) The trial court granted the extension the next day. (Exh. V.) On November 1, 2010, Petitioner filed a letter to the court, on which the court took no action because Petitioner was represented by counsel. (Exhs. W and X.) On November 24, 2010, PCR counsel filed a request for a second extension, which the trial court granted on December 2, 2010. (Exhs. Y and Z.)

On January 18, 2011, PCR counsel filed a notice of completion, alerting the trial court that "having written to Petitioner and spoken with him by telephone, having reviewed the relevant transcripts and court record herein is unable to find a tenable issue to submit to this Court pursuant to Ariz. R. Crim. P. 32." (Exh. AA at 1.) On January 19, 2011, the trial court granted Petitioner time within which to file a pro per PCR petition. (Exh. BB.) On February 1, 2011, Petitioner filed a request with the trial court for preparation of the record, complaining that defense counsel had not produced the entire file. (Exh. CC.) On February 11, 2011, the trial court ordered PCR counsel to produce the file, and on February 14, 2011, counsel filed a notice of compliance with the court, avowing she had made all documents available to Petitioner. (Exhs. DD and EE.) On February 23, 2011, the trial court granted Petitioner an additional extension of time to file a pro per PCR petition. (Exh. FF.)

On February 24, 2011; March 7, 2011; March 8, 2011; and March 21, 2011, Petitioner filed various motions, including a request to substitute advisory counsel, and motions for more preparation of the defense file, such as audio recordings and additional disclosure from the State, as well as a "re-calculation of the due date" to file his pro per PCR petition. (Exh. GG.) On March 28, 2011, the trial court ruled, in pertinent part:

> . . . On February 28, 2011, advisory counsel provided the Court with a Notice of Compliance stating that she had previously provided defendant with all transcripts and documents in her possession including the settlement conference transcript. Advisory counsel has no other file documents in her possession and had contacted defendant on February 23, 2011, advising him such. In reference to the status conferences sought by defendant, defendant has not indicated why these transcripts are necessary to resolve the issues to be raised in his Petition for Post-Conviction Relief as required by Arizona Rules of Criminal Procedure 32.4(d). Defendant also requests a continuance to file his pro per Supplemental Petition for Post-Conviction Relief. It should be noted that a review of the record reflects that no Petition for Post-Conviction Relief has yet been filed by defendant.

> The Court has also received defendant's "Motion to Request for States Disclosure of Evidence Pursuant to Ariz. R. Crim. P. 32 in Propria Persona" filed March 8, 2011. Defendant requests a Court order directing the state to disclose all evidence in defendant's case and the state provide defendant with all notices of disclosure of all evidence in his cases. The state is not required to provide further copies of the evidence against the defendant, as this was previously disclosed to defendant in trial proceedings.

> * * *

> IT IS ORDERED granting the defendant an extension of thirty (30) days to file his pro per Petition for Post-Conviction Relief. No further extensions will be given absent a showing of extraordinary circumstances.

> IT IS FURTHER ORDERED denying the remainder of defendant's motions.

(Exh. HH.)

Despite the grant of an additional time, 30 days later, Petitioner still had not filed a PCR petition. However, on April 6, 2011; April 25, 2011; and June 23, 2011, Petitioner filed more motions and letters to the court, including a motion to "expand time" to file his pro per PCR petition. (Exh. II.) On July 11, 2011, the trial court granted Petitioner yet another 30 days to file his petition. (Exh. JJ.) Thirty days later, Petitioner had still filed no PCR petition, but on August 3, 2011, and August 25, 2011, had filed more letters and motions, including

another request for an extension of time to file the PCR petition. (Exh. KK.) On August 30, 2011, the trial court gave Petitioner another 30 days. (Exh. LL.)

On September 28, 2011, Petitioner finally filed a pro per PCR petition raising one ground of ineffective assistance of counsel (IAC) during his "second pretrial settlement conference" (in cause number CR 2008-009328). (Exh. MM at 22-25.) Petitioner contended that his counsel "'idley stood by' through the August 13th, 2009, proceeding and '<u>failed to object</u>' to the State's (by/thru the Bench) badgering and 'holding at bay' (Extortion) petitioner's proceedings 'over his head' until petitioner signed the rogue plea." (<u>Id.</u> at 23, parentheticals, quotations, and emphasis in original.) Petitioner complained that counsel "never uttered a supportive or useful word throughout the whole proceeding" and did not investigate the proportionality of the co-defendants' pleas. (<u>Id.</u> at 22-23.) The trial court ordered the State to file a response, and on November 10, 2011, the State did so. (Exhs. NN and OO.) On November 17, 2011, the trial court permitted Petitioner time to file a reply, and on November 28, 2011, Petitioner asked to "expand" the time to file the reply. (Exhs. PP and QQ.) On January 12, 2012, the trial court granted more time, and on February 3, 2012, and February 13, 2012, Petitioner asked for more time. (Exhs. RR and SS.) However, on February 21, 2012, Petitioner filed his reply. (Exh. TT.) On March 5, 2012, the trial court dismissed the PCR, concluding:

> The Defendant failed to meet [his] burden that trial counsel was ineffective in representing him. Under Rule 32 of the Arizona Rules of Criminal Procedure, the Defendant must make a colorable claim showing that any factual allegations would have affected the outcome of the proceeding. *State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993).
>
> The Defendant knowingly and voluntarily entered into a valid plea agreement and never raised any issues about the effectiveness of counsel.
>
> THE COURT FINDS the Defendant has failed to raise a colorable claim, therefore,
>
> IT IS ORDERED denying the Defendant's Petition for Post-Conviction Relief.

(Exh. UU.)

On April 9, 2012, Petitioner filed an untimely "motion to expand the time" to file a petition for review. (Exh. VV.) Petitioner never filed a petition for review in the Arizona

1   Court of Appeals. However, 2 years later, on May 22, 2014, Petitioner filed an untimely

2   "motion for rehearing" regarding the March 5, 2012, dismissal of his first PCR. (Exh. WW.)

3   On July 8, 2014, the trial court dismissed this motion for rehearing as both failing to "set

4   forth any factual or legal basis to support a reconsideration" of the previous ruling, and,

5   additionally, because the request was untimely. (Exh. XX.) Petitioner did not file a petition

6   for review in the Arizona Court of Appeals.

7       Meanwhile, on August 15 and 21, 2012, Petitioner filed two "Notice[s] to the Record"

8   regarding his "efforts" to obtain relief pursuant to Martinez v. Ryan, 132 S.Ct. 1309 (2012).

9   (Exh. YY.) No further action was pursued on these "notices."

10      On May 5, 2014, Petitioner filed an untimely second PCR notice, claiming "newly

11   discovered evidence." (Exh. ZZ.) On June 12, 2014, the trial court dismissed the second

12   PCR:

13      The Court has reviewed Defendant's Notice of Post-Conviction Relief and its
        attachments filed May 5, 2014.
14
15      In cause number CR 2008-009328-004, Defendant pled guilty to one count of
        Illegal Control of an Enterprise, a Class 3 Felony. The Court sentenced the
16      defendant on September 29, 2009, to a 3-year term of probation.
17
        In cause number CR 2008-007760-009, Defendant pled guilty to one count of
18      Offer to Sell Cocaine, a Narcotic Drug with one prior felony conviction, a
        class 2 Felony. The Court sentenced the defendant on September 29, 2009, to
19      a 15.75 year term of imprisonment.

20      This is the defendant's second Rule 32 proceeding; it is both untimely and
        successive. Defendant's first Rule 32 proceeding was dismissed on March 5,
21      2012, respectively.

22      The defendant claims, pursuant to Ariz. R. Crim. P. 32.1(e), that there are
        newly discovered material facts which probably would have changed the
23      verdict or sentence in her [sic] case. To be entitled to post-conviction relief
        based on newly discovered evidence, the defendant must show that the
24      evidence was discovered after trial although existed before trial; the evidence
        could not have been discovered and produced at trial or appeal through
25      reasonable diligence; the evidence is neither solely cumulative nor
        impeaching; the evidence is material; and the evidence probably would have
26      changed the verdict or sentence. State v. Saenz, 197 Ariz. 487, 489, ¶ 7, 4 P.3d
        1030, 1032 (App. 2000), see also Ariz. R. Crim. P. 32.1(e).
27
        Defendant fails to support this claim. The defendant does not allege any new
28      facts. Pursuant to Rule 32.5, "Facts within the defendant's personal knowledge
        shall be noted separately from other allegations of fact and shall be under oath.
        Affidavits, records, or other evidence currently available to the defendant

1

2

3
supporting the allegations of the petition shall be attached to it. Legal and record citations and memoranda of points and authorities are required." Ariz. R. Crim. P. 32.5. Defendant fails to provide any facts, affidavits, records, or other evidence to support this claim.

4

5

6
A defendant must comply strictly with Rule 32 by asserting substantive grounds which bring him within the provisions of the Rule in order for the Court to grant relief. *State v. Manning*, 143 Ariz. 139, 141, 692 P.2d 318, 320 (1984). Defendant fails to state a claim for which relief can be granted in an untimely Rule 32 proceeding. Rule 32.4(a).

7

8
The defendant also requests the appointment of advisory counsel, as well as an extension of time to file a pro per petition for post-conviction relief. Defendant does not have an active Rule 32 proceeding at this time.

9
IT IS ORDERED dismissing Defendant's Notice of Post-Conviction Relief.

10
IT IS FURTHER ORDERED denying Defendant's request for the appointment of advisory counsel and an extension of time.

11
(Exh. AAA.)

12
Petitioner responded to this dismissal by filing motions for a change of judge on June

13
20 and 27, 2014, which the court denied on July 28, 2014. (Exhs. BBB and CCC.) Petitioner

14
also filed motions for rehearing on June 22 and 27, 2014, and it does not appear from the

15
record that they were ever ruled upon. (Exhs. DDD and EEE.) On August 7, 2014, Petitioner

16
filed a petition for special action in the court of appeals. (Exh. FFF.) The court of appeals

17
summarily dismissed the special action petition on August 12, 2014. (Exh. GGG.) On

18
September 2, 2014, Petitioner filed a petition for review from the denial of his special action

19
in the Arizona Supreme Court, which that court denied on January 20, 2015. (Exh. HHH.)

20
On May 21, 2015, Petitioner filed the instant habeas petition seeking relief on six

21
grounds: 1) Petitioner's guilty plea was involuntary due to "inappropriately coercive factors

22
of inducement;" 2) "judicial and prosecutorial misconduct" and IAC prevented Petitioner

23
from voluntarily waiving constitutional rights when pleading guilty; 3) post-conviction judge

24
should have been reassigned; 4) evidentiary hearing required on "colorable" claim; 5) trial

25
judge denied an evidentiary hearing and should have recused himself; and 6) IAC of

26
post-conviction counsel and "newly discovered material facts." (Doc. 1 at 6-11.)

27
\\\

28
\\\

**DISCUSSION**

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is

1  not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When
2  a postconviction petition is untimely under state law, 'that [is] the end of the matter' for
3  purposes of § 2244(d)(2)." Id. at 414.

4        In Arizona, post-conviction review is pending once a notice of post-conviction relief
5  is filed even though the petition is not filed until later. See Isley v. Arizona Department of
6  Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief
7  is also pending during the intervals between a lower court decision and a review by a higher
8  court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536
9  U.S. 214, 223 (2002)). However, the time between a first and second application for post-
10 conviction relief is not tolled because no application is "pending" during that period. See id.
11 Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations
12 period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d
13 820, 823 (9th Cir. 2003).

14       The statute of limitations under the AEDPA is subject to equitable tolling in
15 appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for
16 equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights
17 diligently and (2) that some extraordinary circumstances stood in his way'" and prevented
18 him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

19       The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely. On
20 September 29, 2009, the trial court sentenced Petitioner under the plea agreements. By
21 pleading guilty, Petitioner waived his right to a direct appeal, and had 90 days to file an
22 "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal
23 Procedure. Petitioner filed a timely notice of post-conviction relief on November 4, 2009,
24 thereby tolling the limitations period on that date. See Isley, 383 F.3d at 1055-56 (in Arizona,
25 filing a notice of post-conviction proceedings begins tolling under AEDPA). Petitioner filed
26 his PCR petition on September 28, 2011, and the trial court dismissed the petition on March
27 5, 2012. (Exhs. MM-UU.)

28

1    On April 9, 2012, Petitioner filed an untimely "motion to expand the time" to file a
2    petition for review (Exh. VV), and on May 22, 2014, filed an untimely "motion for
3    rehearing" regarding the March 5, 2012, dismissal of his PCR petition (Exh. WW). On July
4    8, 2014, the trial court dismissed the motion for rehearing as both failing to "set forth any
5    factual or legal basis to support a reconsideration" of the previous ruling and because the
6    request was untimely. (Exh. XX.) Petitioner never filed a petition for review in the Arizona
7    Court of Appeals.

8    Thus, Petitioner's case became final on April 4, 2012 – the day the time expired for
9    filing a petition for review in the Arizona Court of Appeals of the March 5, 2012 denial of
10   his of-right PCR petition. (Exh. UU.) See Ariz.R.Crim.P. 32.4. Petitioner was required to file
11   the instant habeas petition on or before April 4, 2013. Petitioner did not file his habeas
12   petition until May 21, 2015. Thus, absent any tolling, his habeas petition is over two years
13   too late.

14   Petitioner is not entitled to statutory tolling. In addition to the untimely pleadings filed
15   regarding the trial court's March 5, 2012 denial of Petitioner's "of-right" petition for
16   post-conviction relief, Petitioner filed an untimely second PCR notice on May 5, 2014. (Exh.
17   ZZ.) The state court dismissed it as both untimely and groundless under Rule 32. (Exh.
18   AAA.) An untimely petition is not "properly filed," and does not toll the statute of
19   limitations. See Pace, 544 U.S. at 414. Moreover, the untimely notice could not restart the
20   already expired 1-year limitations period. See Ferguson, 321 F.3d at 823 ("section 2244(d)
21   does not permit the reinitiation of the limitations period that has ended before the state
22   petition was filed").

23   In sum, Petitioner filed the instant habeas petition more than two years after the 1-year
24   limitations period expired. The Petition is therefore untimely.

25   The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably
26   tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United
27   States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other
28   grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).

1    Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control

2    make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063,

3    1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under

4    AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When

5    external forces, rather than a petitioner's lack of diligence, account for the failure to file a

6    timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.

7    Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must

8    establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

9    extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also

10   establish a "causal connection" between the extraordinary circumstance and his failure to file

11   a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.

12   2007).

13        Petitioner asserts no valid reason for the untimeliness of his habeas petition, and

14   therefore demonstrates no entitlement to equitable tolling. And, Petitioner's pro se status,

15   indigence, limited legal resources, ignorance of the law, or lack of representation during the

16   applicable filing period do not constitute extraordinary circumstances justifying equitable

17   tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se

18   petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

19   warranting equitable tolling."). Furthermore, the record reflects that the trial court reviewed

20   with Petitioner his rights of review in open court, and Petitioner reviewed and signed a notice

21   of rights of review. (Exhs. F; J; JJJ, at 7; LLL at 8-9.) Petitioner did file a timely of-right

22   PCR; however, he did not file a timely petition for review – despite his capability of filing

23   legal documents as illustrated by numerous subsequent filings. Accordingly, Petitioner is not

24   entitled to equitable tolling and his habeas petition is untimely.

25                                          **CONCLUSION**

26        Having determined that Petitioner's habeas petition is untimely, the Court will

27   recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and

28   dismissed with prejudice.

1    **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of

2    Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**

3    **PREJUDICE**;

4    **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

5    to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is

6    justified by a plain procedural bar and jurists of reason would not find the procedural ruling

7    debatable.

8    This recommendation is not an order that is immediately appealable to the Ninth

9    Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

10   Appellate Procedure, should not be filed until entry of the district court's judgment. The

11   parties shall have fourteen days from the date of service of a copy of this recommendation

12   within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);

13   Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen

14   days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of

15   Civil Procedure for the United States District Court for the District of Arizona, objections

16   to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure

17   timely to file objections to the Magistrate Judge's Report and Recommendation may result

18   in the acceptance of the Report and Recommendation by the district court without further

19   review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure

20   timely to file objections to any factual determinations of the Magistrate Judge will be

21   considered a waiver of a party's right to appellate review of the findings of fact in an order

22   or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72,

23   Federal Rules of Civil Procedure.

24   DATED this 30th day of November, 2015.

25

26   Michelle H. Burns

27   Michelle H. Burns
     United States Magistrate Judge

28