**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Donald Love, | No. CV-15-00924-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Laura Escapule, et al., | |
| Respondents. | |

On November 30, 2015, Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R&R") addressing Petitioner Donald Love's petition for a writ of habeas corpus. The R&R recommended the petition be denied as untimely. Love filed objections but, upon de novo review of the timeliness issue, the R&R's conclusion is correct. Therefore, the R&R will be adopted and the petition will be denied.

**BACKGROUND**

The dates and events most relevant to the issue of timeliness are as follows. In 2008, Love was charged with various drug-related crimes. On September 29, 2009, Love pled guilty to various crimes and was sentenced to more than fifteen years imprisonment. (Doc. 11-13 at 62). Love filed a notice of post-conviction relief ("PCR") on November 4, 2009. (Doc. 11-3 at 106). After numerous delays, Love filed a petition for post-conviction relief on September 28, 2011.[1] (Doc. 11-5 at 32). The state court treated that

---

[1] The petition indicated it was provided to prison officials on July 31, 2011. (Doc. 11-5 at 58). Because the timeliness of that petition is not at issue here, the Court need not determine the precise filing date.

petition as timely.  On March 5, 2012, the state court dismissed the petition.[2]  (Doc. 11-5 at 166).  Shortly after that ruling, Love filed a "Motion to Expand Time to file Petition for Review/Rehearing Pursuant to Ariz. R. Crim. P. 32."  (Doc. 11-5 at 168).  The motion sought "a minimum (30) thirty-day extension of time to file petition for review/rehearing herein."  (Doc. 11-5 at 169).  The motion indicated it was submitted to prison officials on March 19, 2012, but it was not filed with the court until April 9, 2012.  (Doc. 11-5 at 168, 170).  According to Respondents, "[t]here is no indication that the trial court ever ruled on this motion."  (Doc. 11 at 9).

Love seems to have taken no further action regarding his petition until approximately two years later.[3]  On May 5, 2014, Love filed what he identified as a second petition for post-conviction relief.  (Doc. 11-7 at 19).  A few weeks later, on May 22, 2014, Love filed a "Motion for Rehearing," arguing the March 5, 2012 rejection of his first petition had been incorrect.  (Doc. 11-6 at 2).  That motion contained no explanation for the two-year delay.  On June 12, 2014, the trial court dismissed Love's second petition.  (Doc. 11-8 at 2).  And on July 8, 2014, the trial court denied the motion for rehearing.  That denial, however, seems to have mixed up when the order denying the first petition had been issued.  (Doc. 11-7 at 2) (referring to "March 5, 2014 minute entry" and claiming motion for rehearing was filed "more than two months after the Rule 32 proceeding was dismissed").  On August 7, 2014, Love filed a petition for special action with the Arizona Court of Appeals, making the same arguments he presented in his motion for rehearing regarding his first petition.  (Doc. 11-11 at 2).  The court of appeals summarily dismissed the petition on August 12, 2014.  (Doc. 11-13 at 2).  And on January 20, 2015, the Arizona Supreme Court denied review.  (Doc. 11-13 at 23).

On May 21, 2015, Love filed this federal habeas petition.  (Doc. 1).  Respondents filed a limited response, arguing the petition is time-barred or, in the alternative, all of

---

[2] This order was filed on March 7, 2012.

[3] Love filed two "notices" in the interim that are not relevant here.  (Doc. 11-7 at 4).

Love's claims were procedurally defaulted. (Doc. 11 at 2). The R&R adopted Respondents' view of the sequence of events and concluded "Petitioner's case became final on April 4, 2012, the day the time expired for filing a petition for review in the Arizona Court of Appeals of the March 5, 2012 denial of his of-right PCR petition." (Doc. 14 at 11). Love filed objections but did not clearly identify any basis for concluding his petition was, in fact, timely.

## ANALYSIS

The R&R accurately sets forth the manner in which the federal limitations period must be calculated. In brief, Love had one year after his convictions became final to file his federal petition. Love's convictions became final on April 4, 2012, the day his time expired for seeking review in the Arizona Court of Appeals of the March 5, 2012 denial of his of-right PCR petition. Love did not file his federal petition until May 2015, well outside the one-year period. Love has not provided any plausible basis for finding either statutory or equitable tolling of this time period, meaning his federal petition is untimely.

The only slight complication in this time calculation is that it ignores Love's petition for rehearing filed shortly after the March 5, 2012 denial of his of-right PCR petition. Under Arizona law, Love had fifteen days to seek rehearing of that denial. Ariz. R. Crim. P. 32.9(a). Love submitted a motion for an extension of that fifteen day period dated March 19, 2012. That motion was not filed with the court until April 9, 2012. Respondents and the R&R use the filing date and claim the motion was untimely. But the mailbox rule presumably would apply. *Cf. Mayer v. State*, 908 P.2d 56, 58 (Ariz. Ct. App. 1995) ("[A] notice of appeal by a pro se prisoner is deemed filed when it is properly addressed and delivered to prison authorities for forwarding to the clerk of the superior court."). Thus, the motion likely was timely. However, whether the motion was timely submitted or not is immaterial because the state court never ruled on it. Pursuant to Arizona law, "[a] motion that is not ruled on is deemed denied by operation of law." *State v. Hill*, 848 P.2d 1375, 1385 (Ariz. 1993). Accordingly, the motion for extension of time was denied and Love had fifteen days to submit a motion for rehearing. He did not

do so nor did he seek review from the Arizona Court of Appeals within the thirty days allowed for doing so.  Ariz. R. Crim. P. 32.9(c).  Love did not submit his motion for rehearing until approximately two years later.  In that intervening two-year period, the deadline for him to seek review by the Arizona Court of Appeals expired as did his deadline to file his federal habeas petition.  Thus, even assuming Love's request for additional time was timely submitted, his federal petition is still untimely and must be denied.[4]

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED** and the petition (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 3rd day of March, 2016.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[4] In his objections to the R&R, Love argues he is entitled to equitable tolling. (Doc. 15 at 6).  But to be entitled to equitable tolling, Love would have to establish he was pursuing his rights diligently and some "extraordinary circumstances stood in his way" such that he could not timely file his petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Love has not made a showing of either requirement.